

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00291-CR
No. 07-22-00292-CR

**DARWIN GEROD GRANT JR., APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court Nos. 1610010D & 1700424D, Honorable Elizabeth Beach, Presiding

April 20, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1]  Pursuant to a plea agreement, in November 2021, Appellant, Darwin Gerod Grant, Jr., was placed on deferred adjudication community supervision for five years for possession of a controlled substance of four grams or more but less than 200 in cause number 1610010D and for evading arrest or detention with a

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

vehicle in cause number 1700424D. In June 2022, the State moved to adjudicate guilt in both causes alleging that Appellant had committed two new offenses, tested positive for controlled substances, and failed to complete a drug assessment and screening, all violations of his community supervision. At a contested hearing on the State's motion, Appellant entered pleas of "not true" to all four of the allegations. After presentation of the testimony and evidence, the trial court found all the allegations to be true and found Appellant guilty of the original offenses. The offenses were enhanced by prior felony convictions.[2] Punishment under the habitual offender statute was assessed as follows:

| cause number 1610010D | possession of methamphetamine, four grams or more but less than 200 grams; TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) | thirty years confinement |
|---|---|---|
| cause number 1700424D | evading arrest or detention with a vehicle; TEX. PENAL CODE ANN. § 38.04(b)(2)(A) | thirty years confinement |

The sentences were ordered to run concurrently. Based on the *Anders* brief, we affirm both judgments and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the records, and in his opinion, they reflect no potentially plausible basis for reversal of Appellant's convictions. *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the records support that conclusion. *See High v. State*, 573 S.W.2d 807, 813

---

[2] Under section 12.42 of the Penal Code, a habitual offender is punished at a higher level, but the degree of the offense remains the same. *See Oliva v. State*, 548 S.W.3d 518, 526–27 (Tex. Crim. App. 2018). Here, Appellant was sentenced under section 12.42 (d) which elevated the punishment range to a minimum of twenty-five years but not more than ninety-nine, or for life.

(Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did file a response. The State did not favor us with a brief.

## BACKGROUND

Appellant has an extensive criminal background and has a history of substance abuse. During the relevant time period, Appellant was living with his fiancée at an apartment complex where he had been employed as a maintenance person. He had been fired on April 27, 2022.[4]

During the early morning hours of April 28, 2022, police officers were dispatched to two separate calls at the apartment complex where Appellant lived. The first call involved a home invasion, and the subsequent call was for a domestic dispute involving

---

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33, 411.

[4] Appellant disputed that he had been fired.

Appellant and his fiancée. After the officers investigated both calls, they realized that the burglary victim's description of the suspect matched Appellant.

Following an investigation, a warrant issued for Appellant for burglary of a habitation.[5] On June 16, 2022, he was stopped for a traffic offense and a gun was found in the car he was driving which was registered in his fiancée's name. When the officer ran Appellant's name, he discovered the outstanding arrest warrant for the burglary and arrested Appellant. Appellant was also charged with unlawfully carrying a weapon.[6]

### STANDARD OF REVIEW

When reviewing an order revoking community supervision, the sole question before the court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that a defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). Proof

---

[5] TEX. PENAL CODE ANN. § 30.02(a).

[6] TEX. PENAL CODE ANN. § 46.04(a)(1) (criminalizing possession of a firearm by a felon following conviction and before the fifth anniversary of his release from confinement or supervision).

of a single violation is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

## ANALYSIS

By the *Anders* brief, counsel presents potential issues but after a thorough analysis of each, disregards them as frivolous. We agree with counsel's evaluation.

Additionally, because evidence of a single violation is all that is required, the trial court's judgment is supported by sufficient evidence. Although defense counsel argued at the revocation hearing that the State failed to meet its burden of proof on the newly alleged offenses, there is ample evidence that Appellant tested positive for THC and for methamphetamine. He and his fiancée both testified that he had tested positive for controlled substances although Appellant excused his violation as self-medication after losing a loved one. Appellant also admitted not completing his drug assessment and screening and offered excuses for his failure to do so.

When we have an *Anders* brief by counsel and a pro se response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Bledsoe*, 178 S.W.3d at 826–27 (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S.

5

75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and the pro se response, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe*, 178 S.W.3d at 826–27.

## CONCLUSION

The trial court's judgments are affirmed and counsel's motion to withdraw is granted.

Alex L. Yarbrough
Justice

Do not publish.